UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

JEFFREY WOOD,

                Plaintiff,

                    v.

NEW YORK CITY TRANSIT AUTHORITY,

                Defendant.
------------------------------------------------------------------x

**ORDER DISMISSING CASE**
11–CV–3560 (PKC)

PAMELA K. CHEN, United States District Judge:

On August 15, 2016, this Court *sua sponte* reconsidered its previous ruling denying Defendant's motion for summary judgment and dismissed this action in its entirety. The Court's findings are set forth orally on the record at the August 15, 2016 pre-trial conference and summarized below. Though familiarity with this case is presumed, the key facts are recited below.

Plaintiff Jeffrey Wood, proceeding *pro se*, brought this suit in July 2011 asserting claims against his employer, the New York City Transit Authority (the "Transit Authority") for employment discrimination under the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff has been employed as a bus operator by the Transit Authority since August 1996. On June 24, 2006, Wood's bus was struck at an intersection by a car, causing the bus to mount the sidewalk and collide with a house, resulting in multiple injuries. This accident was deemed to be a "major preventable accident," in light of Wood's excessive speed in rainy conditions at the time of the collision and his failure to follow defensive driver training, which caused him to lose control of the bus. While the Transit Authority initially recommended and imposed a penalty of dismissal, Wood ultimately received only a 30-day suspension following an appeal through his union representative.

In 2008, Wood sought a promotion to a Dispatcher position. He was ranked number 78 out of 1,021 eligible candidates based on his exam performance. In line with the Transit Authority's "one-in-three" review process, Wood was considered for promotion three times, as part of three clusters of three candidates each. Wood was first considered for promotion with numbers 76 and 77. Number 76, who self–identifies as Hispanic and had a clean driving record, was selected. Wood was next considered with numbers 77 and 80. Number 77, who did not identify his race, was selected for appointment notwithstanding a poor attendance record, because his overall employment and safety record was considered more acceptable than that of Wood and number 80, who also had a poor attendance record. Finally, Wood was grouped with numbers 80 and 81. Number 81, who self-identifies as Hispanic and had a clean driving record, was selected. Wood's name was thereafter removed from the promotion list; his request to have his name restored was denied. Plaintiff alleges that the Transit Authority discriminated against him based on disability and race in violation of the ADA and Title VII when it denied him the promotion.

On March 30, 2015, following extensive discovery and briefing, this Court granted the Transit Authority's motion for summary judgment in its entirety. (Dkt. 51.) Following a motion for reconsideration by Wood, however, the Court resurrected Wood's Title VII claim that he was subjected to unequal terms and conditions of employment because of his race ("October 8, 2015 Order").[1] (Dkt. 61.) To proceed on such a claim, the Court noted, Wood needed to show that there were non-Black bus drivers who were promoted to Dispatcher despite having safety and disciplinary records comparable to Wood's. The Court found that Wood had come forward with enough evidence on reconsideration that there was one such comparator, "Candidate #18." Candidate #18 self-identified as White and was promoted to Dispatcher notwithstanding: (1) an

---

[1] Wood did not seek reconsideration of the dismissal of his ADA claim.

unspecified major preventable accident on his record from February 2006, resulting in a ten-day suspension, and (2) unspecified misconduct in March 2006 that resulted in a 20-day suspension. The Court found that "[a]t least in combination, these disciplinary actions are sufficiently comparable to the 30-day suspension that Plaintiff received for a "major preventable accident" to make Candidate #18 a valid comparator. (Dkt. 61 at 3.)

At a pre-trial conference on June 6, 2016, Wood sought to introduce evidence on "Candidate #63" as another comparator at trial. The Court requested supplemental briefing on this issue. The Transit Authority's letter brief led to the instant *sua sponte* reconsideration. (Dkt. 81.)

As to Candidate #63, the Transit Authority pointed out that although he was ultimately promoted to Dispatcher—following three initial rejections, including one where an African-American was promoted over him, and subsequent restoration onto the promotion list—his major preventable accident involved the right rear wheel of his bus striking the front wheel of a bicycle as the bus turned right at an intersection. No injury resulted from the accident. (*Id.* at 2.) Candidate #63 received a 20-day suspension, which he accepted. (*Id.*) The Court finds that this is not comparable to Wood's major preventable accident, which sent five people to the hospital and for which he was almost fired, but instead received a 30-day suspension.

As to the Court's previous ruling on Candidate #18, the Transit Authority noted that "the Transit Authority, does not, in fact add or combine two separate disciplinary actions when reviewing an employee's disciplinary history or record," in light of its policy of progressive discipline. (*Id.*) The Transit Authority moreover pointed out that Candidate #18's second charge, from March 2006, related to failure to wear a seat belt and to make proper announcements on his bus, and was thus wholly dissimilar from Wood's misconduct. (*Id.*) In light of these facts, previously overlooked by the Court, the Court finds that it was erroneous for it to combine the ten-

and 20-day suspensions received by Candidate #18 to reach the conclusion that his disciplinary

record was comparable to that of Wood's.

## CONCLUSION

For all of the foregoing reasons, the Court reconsiders its October 8, 2015 Order finding

Candidate #18 to be a valid comparator for purposes of Plaintiff's Title VII discrimination claim,

and dismisses this case in its entirety. The Court finds that the record simply lacks any evidence

of racial animus that would permit a triable issue of fact for the jury.[2] The Clerk of Court is

respectfully directed to enter judgment accordingly.

SO ORDERED:

*/s/ Pamela K. Chen* _____
PAMELA K. CHEN
United States District Judge

Dated: August 23, 2016
      Brooklyn, New York

---

[2] Indeed, while not dispositive, the Court notes again that of the 151 candidates promoted to Dispatcher from the list, 57 identified as Black—more than any other racial category—while 35 identified as White, 41 identified as Hispanic, and 17 identified as Asian. (Dkt. 51 at 15.)