UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

JEFFREY WOOD,

                         Plaintiff,

                         v.

NEW YORK CITY TRANSIT AUTHORITY,

                         Defendant.
----------------------------------------------------------------x

**ORDER DENYING RECONSIDERATION**
11–CV–3560 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Jeffrey Wood, acting *pro se*, moves for reconsideration of this Court's August 15, 2016 ruling dismissing this case. (Dkt. 87.)[1] Plaintiff moves under Rule 59(e) "to correct[] clear error or prevent manifest injustice" and on the ground that "the Court has misapprehended the facts." (*Id.* at ECF 1.[2]) Specifically, Plaintiff's two primary arguments are that, with respect to Court's March 30, 2015 order granting summary judgment (Dkt. 51): (1) the Court improperly relied on hearsay statements by Patrick Smith contained in his affidavit in support of Defendant's motion for summary judgment, and (2) "Defendant [] failed to submit a declaration from a person [with] first-hand knowledge of events in Plaintiff's evaluation." (Dkt. 87 at ECF 2.) With regard to Smith's affidavit, Plaintiff asserts that Smith improperly acquired his knowledge by viewing documents, and that Plaintiff has a constitutional right to cross-examine Smith and all other declarants who submitted affidavits in support of Defendant's motion for summary judgment at trial. (*Id.*) With respect to the second argument, Plaintiff argues that "[n]o

---

[1] The Court ruled from the bench at oral argument on August 15, 2016, and then issued a written decision reiterating and further explaining its ruling on August 23, 2016 (Dkt. 85) ("August 23 Order").

[2] "ECF" refers to the page number generated by the Electronic Court Filing system rather than the document's internal pagination.

witness on the Record, who[] has first-hand knowledge [of Plaintiff's promotion evaluation] specifically said that the accident was the reason the plaintiff was denied promotion." (*Id.* at ECF 6.) The Court rejects both arguments.

First, there is no constitutional right of cross-examination or "confrontation" in civil cases, *Barclay v. New York*, 602 F. App'x. 7, 13 (2d Cir. 2015) ("[T]he Sixth Amendment right of confrontation does not apply in this civil action."), and there is moreover no suggestion here that Plaintiff was deprived of an opportunity to depose Defendant's affiants or any other witnesses, or to otherwise submit evidence controverting Defendant's account of events. Indeed, it is much too late for evidentiary objections, particularly where, as this Court noted in its summary judgment order, "[t]here is no indication that Plaintiff has undertaken any effort to conduct meaningful discovery" and "Plaintiff has offered no affidavit, deposition testimony, or other evidence to demonstrate that he was not promoted due to his race." (Dkt. 51 at ECF 2, 15.) Plaintiff has submitted no evidence suggesting that the basis of Defendant's decision not to promote him was based on anything other than disciplinary history. Defendant, on the other hand, has submitted both documentary evidence indicating that Plaintiff was denied a promotion due to his disciplinary record, and an affidavit from Joseph D'Auria, who made the decision not to approve Plaintiff for promotion, stating the same. (*See, e.g.*, Def.'s 56.1 ¶ 21; Dkt. 44-7 at ECF 3, Dkt. 43.) Thus, the sole question before the Court was whether Plaintiff had identified a similarly-situated comparator with respect to disciplinary record who was treated differently than Plaintiff during the promotion process, as evidence of Defendant's discriminatory intent toward Plaintiff. The Court found that Plaintiff had failed to do so, as explained at the August 15 hearing and in the August 23 Order.

Second, the Court finds that Defendant's affiants from the original summary judgment briefing properly attested to statements that were within their personal knowledge. For instance, Patrick Smith had been employed by Defendant in various Human Resources capacities at the New York City Transit Authority for 20 years, reaching a senior position. The Court, therefore, properly relied on Smith's statements regarding the operation of the one-in-three rule for promotions, as well as changes in the promotion process. The Court did not rely on any statement by Smith claiming firsthand knowledge regarding Plaintiff's specific experience, though the Court did rely on documentary evidence in the form of an evaluation and recommendation form attached to D'Auria's declaration to find that "Wood was not recommended by the [New York City Transit Authority's Department of Buses] because of his thirty–day suspension stemming from the June 2006 accident." (*See* Dkt. 51 at ECF 7 n.4.) The Court's consideration of this document, and other documents attached to the declarations of Defendant's affiants, such as evaluation and recommendation forms for other candidates, employee personnel records, and internal memos and policies detailing the promotion process, was entirely proper at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986) (noting that primary difference between summary judgment and directed verdict motions "is procedural; summary judgment motions are usually made before trial and decided on *documentary evidence*, while directed verdict motions are made at trial and decided on the evidence that has been admitted.") (emphasis added); *Harriscom Svenska, AB v. Harris Corp.*, 3 F.3d 576, 581 (2d Cir. 1993) (rejecting plaintiff's request to strike affidavits and documents offered in support of defendant's summary judgment motion, finding that affidavits were "based on personal knowledge and perceptions and therefore properly were considered . . . . [and that] "[t]he documents were admissible business records.") (citation omitted).

## CONCLUSION

Accordingly, for all of the above reasons and those set forth in the Court's summary judgment decision, the Court DENIES Plaintiff's motion for reconsideration.

SO ORDERED:

 /s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: October 17, 2016
       Brooklyn, New York